## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

**CIVIL ACTION NO. 5:25-CV-021-JHM**

**MITCHELL PAUL MEYER**                                                    **PLAINTIFF**

**v.**

**KEVIN BISHOP**                                                    **DEFENDANT**

### MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Mitchell Paul Meyer's *pro se* 42 U.S.C. § 1983 civil-rights complaint [DN 1] pursuant to 28 U.S.C. § 1915A.  For the reasons that follow, the Court will dismiss this action.

### I.

Plaintiff is a convicted prisoner housed at the Christian County Detention Center.  He names as Defendant Graves Circuit Court Judge Kevin Bishop in his individual and official capacities.  Plaintiff asserts violations of his First, Third, and Fourth Amendment rights to the United States Constitution.

Plaintiff alleges that on October 3, 2024, he appeared in Graves Circuit Court in front of Defendant Bishop for a revocation hearing on two state-court criminal cases.  Plaintiff contends that at the revocation hearing, Defendant Bishop cut him off and did not permit him to speak in his own defense.  Plaintiff complains that Defendant Bishop committed him to the Kentucky Department of Corrections for ten years in violation of his constitutional rights.  Plaintiff further complains that Defendant Bishop violated his rights in October 2021 when Defendant Bishop "failed to honor the previous judge's ruling that I deserve private council."  [*Id.* at 6].

Plaintiff seeks punitive damages and "a public apology from Mr. Bishop."  [*Id.* at 7].

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A.  Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466    (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

2

## III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims for Damages

Plaintiff sues Defendant Bishop in his official capacity. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Defendant Bishop is a state employee. Claims brought against state employees in their official capacities are no different from a suit against the Commonwealth of Kentucky. *See Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks damages from a state employee in his official capacity, Plaintiff fails to allege cognizable claims under § 1983. *See id.* Further, the Eleventh Amendment acts as a bar to claims for damages against state employees or officers sued in their official capacities. *Graham*, 473 U.S. at 169.

Therefore, Plaintiff's official-capacity claim against Defendant Bishop for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a Defendant immune from such relief.

3

### B. Official-Capacity Claims for Injunctive Relief

Plaintiff's demand for injunctive relief in the form of a public apology from Defendant Bishop must be dismissed. While the Supreme Court in *Ex parte Young* recognizes that there is an exception to Eleventh Amendment immunity for actions for prospective relief to end a continuing violation of federal law, *Ex parte Young*, 209 U.S. 123, 155–56 (1908), the Court does not have the authority to grant the type of relief requested. Here, ordering a government official to apologize is not the type of prospective relief that falls within the *Ex parte Young* exception. *See*, *e.g.*, *Block v. Canepa*, 74 F.4th 400 (6th Cir. 2023).

Furthermore, to the extent that Plaintiff wishes to challenge his state-court conviction or sentence, he may only do so through a petition for writ of habeas corpus. "A state prisoner's immediate or speedier release from incarceration is available only under § 2254, not § 1983." *Sisson v. Commonwealth of Ky.*, No. 4:10CV-P7-M, 2010 WL 715840, at *2 (W.D. Ky. Feb. 24, 2010); *Faron v. Hardin Cnty. Att'y*, No. 3:18-CV-P228-RGJ, 2018 WL 6438366, at *2 (W.D. Ky. Dec. 7, 2018).

### C. Individual-Capacity Claims against Defendant Bishop

Plaintiff's individual-capacity claims against Defendant Bishop are subject to dismissal because judges are entitled to absolute immunity from suits for money damages for all actions taken in their judicial capacity unless those actions are taken in the absence of any jurisdiction. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1871)). Thus, because Plaintiff's complaint pertains only to actions

or inactions taken by Defendant Bishop in his judicial capacity and within his jurisdictional authority,

Plaintiff's individual-capacity claims against him are barred by judicial immunity.

**IV.**

The Court will enter a separate Order dismissing this action consistent with this Memorandum

Opinion.

Date:  May 6, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:      Plaintiff, *pro se*
4414.014

5